UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILADELPHIA INDEMNITY INSURANCE )
COMPANY, )
                                                                )
        Petitioner, )
                                                                )
v. )   Case No. 1:15-cv- 10798
                                                                )
NORTHSTAR CONDOMINIUM ASSOCIATION )
                                                                )
        Respondent. )

## JOINT PLANNING CONFERENCE REPORT

     in accordance with Rule 26(f) and by order of this Court, a conference was held on February 5, 2016. Participants to the conference were:

- Joseph Royster for Plaintiff      Philadelphia Indemnity Insurance Company
- Claire Floore for Plaintiff        Philadelphia Indemnity Insurance Company
- J. Robert Keena for Defendant   Northstar Condominium Association
- Joseph Beckman for Defendant   Northstar Condominium Association

**Plaintiff's Facts**
Philadelphia Indemnity Insurance Company ("PIIC") issued first-party coverage to Northstar Condominium Association ("Northstar") with effective dates of July 29, 2013 to July 29, 2014 (Policy No. PHPK 1054240) (the "Policy). The Policy provides All Risk coverage for buildings at the 112 Harvest Gate, Lake in the Hills, IL 60156 (the "Harvest Gate Property") in a blanket amount of $51,647,895.00. The coverage is subject to 100% coinsurance, a $5,000 per occurrence deductible, and valuation at Guaranteed Replacement Cost. The Harvest Gate Property consists of 50 multi-unit residential condominium structures divided into a North Complex and a South Complex. On April 12, 2014, a wind/hail storm caused damage to the Harvest Gate Property. The wind direction of the storm was consistently blowing from the south and southwest for the duration of the storm. Additional storms occurred on or about June 13, 2015 and August 2, 2015, which also caused damage to the Harvest Gate Property. The storm on June 13, 2015 had hail and directional wind from the SSE, south, north, NNE, ESE, SSW, SW, and SW. The storm on August 2, 2015 had hail and directional wind from the SW, WSW, and SSW. All damage occurring during the June 13 and August 2, 2015 storms occurred outside of the Policy period. There are multiple reports on the damage done by the hail storms from JS Held, Barry Roofing, and Lionheart. Damage found after the June 13th and August 2nd storms was not caused by the April 12, 2014 storm. The Policy should not have to respond to damages that occurred outside of the Policy period. The damage occurring from the July 13 and August 2, 2015 storms is not covered by the Policy because it falls outside of the Policy period. PIIC cannot be held responsible for damage occurring after the expiration of the Policy. PIIC seeks a

judicial determination that PIIC is only responsible for the hail damage caused by the April 12, 2014 hail storm and not damage caused by storms occurring after the PIIC Policy expired and that the JS Held Report is the controlling damage estimate as it best lays out the damage caused by the April 12, 2014 storm.

**Defendant's Facts**
Defendant adopts Plaintiff's facts with regard to location of the property, the dates of coverage, the policy issued by Plaintiff, its limits, and the fact that the property was damaged in the April 12, 2014 storm. Defendant also agrees that Plaintiff is not liable for any storm damage caused after their policy.

This matter is subject to an appraisal, and an appraisal panel, including an umpire had been appointed Because Plaintiff raised the issue regarding dates of loss for the damage at this property, Defendants proposed resolving the issue by simply having the panel make a finding regarding *the value of the damage occurring on April 12, 2014 or otherwise during the Philadelphia policy period.* This would resolve the issues before the Court.

If this matter goes forward and if Defendant would present significant evidence that although storms did occurred regionally in June and August 2015, they did not occur at the location of the subject matter insured property.

In Plaintiff's facts they ask the Court to accept that the "JS Held report is the controlling damage estimate as it best lays out the damage caused by the April 124, 2014 storm". Such a finding would be inappropriate as there is not only contrary evidence but this issue is a fact question regarding damages and properly for the appraisal panel to determine.

In Plaintiff's facts they also request a finding from the Court that "PIIC is only responsible for hail damage caused by the April 12, 2014 hail storm and not damage caused by storms occurring after the PIIC policy expired....". Defendants agree with this contention, with one refinement, PIIC is responsible for any and all damage occurring during its policy period and not only damage occurring on April 12, 2014.

Defendants see all of these issues as resolvable by an appraisal panel with a finding regarding the value of the loss during Plaintiff's policy period. If settlement between the parties does not occur, the matter is most efficiently resolved by cross motions regarding the legal question of scope of the appraisal's panel duties. Defendants would expect that this Court could rely on the rationale contained in *201 N. Wells, Inc. v. Fidelity and Guaranty Ins. Co.*,N.D. Ill. OO C 3855 to resolve several of the central issues presently before the Court.

No trial is needed to resolve these issues as they are questions of law regarding the role of the appraisal panel. But even that narrow topic can be resolved with very little analysis since Defendants are simply proposing the Court instruct the appraisal panel to make its finding regarding the value of the loss during the policy period. This would include in the valuation of all evidence presented by either party to the panel. Assuming that the insured and the insurer present the panel with their information regarding storms which occurred at various times the

panel would then be able to make its on determination regarding the *value* of the loss during the policy period.

**Prospects of Settlement**
Counsel has discussed settlement. Counsel for Defendant has made a settlement demand of $5.7 million. Counsel for Plaintiff has presented the offer to the Plaintiff for consideration. At the time of this filing, the matter has not been settled. Both parties continue to work towards settlement.

**Consideration of Issues Concerning Electronically Stored Information ("ESI")**
Parties do not anticipate discovery of ESI in this case. Should any issues of ESI arise, counsel will come to an agreement on that same if possible. Counsel does not foresee any disagreements regarding any potential ESI.

**Pre-Discovery Disclosures**
The parties will exchange the information required by Federal Rule Civil Procedure 26(a)(1) by February 10, 2016.

**Discovery Plan**
The parties jointly propose to the Court the following discovery plan:

- A. Discovery will be needed on the following subjects:
  - Any additional reports or appraisals completed regarding the Harvest Gate Property other than those filed with Plaintiff's original complaint.

- B. All written discovery to be completed by April 11, 2016.

- C. All non-expert fact discovery to be completed by June 25, 2016.

- D. Parties do not anticipate any proposed variations on the limits imposed by Rules 30 and 33 on deposition and/or interrogatory discovery

- E. Reports from retained experts under Rule 26(a)(2) due:
  - a. from Plaintiff by September 30, 2016
  - b. from Defendant by September 30, 2016

- F. All retained expert depositions to be completed by November 30, 2016.

**Pretrial/Trial Plan**
- A. Final Pretrial Order (in the form required by Local Rule 16.1(a) or by the Standing Order of the presiding trial judge) should be done by December 16, 2016.
- B. The case should be ready for trial by December 16, 2016 and, at this time, is expected to take approximately 1 day.

**Magistrate Judge Consent**

All parties are willing) to execute a consent to have all proceedings, including trial and entry of final judgement, to take place before a magistrate judge.

**Other Matters**
The parties do not anticipate other matters that they believe should be brought to the Court's attention for scheduling purposes.

The Court shall review the discovery plan and advise the parties of its approval or any modifications ordered. The Court shall also schedule court appearances as appropriate, including pretrial conferences. Court appearances require the presence of lead counsel or other counsel with sufficient knowledge of the case in order to discuss it intelligently.

Date: Feb. 18, 2016

*Claire A. Floore*
Claire Floore, Counsel for Plaintiff, Philadelphia Indemnity Insurance Company

*J. Robert Keena*
J. Robert Keena, Counsel for Defendant, Northstar Condominium Association